**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| QUENTIN ANDERSON, #2444395, | ) ) |
| Petitioner, | ) CIVIL ACTION NO. 9:10-987-MBS-BD ) ) |
| v. | ) **REPORT AND RECOMMENDATION** ) |
| WARDEN of Evans Correctional Institution | ) ) ) ) |
| Respondent. | ) ) |

Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was filed pro se on April 20, 2010.[1]

The Respondent filed a return and motion for summary judgment on July 13, 2010. As the Petitioner is proceeding pro se, a Roseboro order was filed on July 15, 2010, advising the Petitioner that he had thirty-four (34) days to file any material in opposition to the motion for summary judgment. Petitioner was specifically advised that if he failed to respond adequately, the motion for summary judgment may be granted, thereby ending his case. On August 13, 2010, Petitioner filed a response in opposition.

---

[1]Filing date per Houston v. Lack, 487 U.S. 266, 270-276 (1988) [Petition dated and mailed by priority mail, on April 20, 2010].

1



This matter is now before the Court for disposition.[2]

## **Procedural History**

Petitioner was indicted in July 1997 in Orangeburg County for assault and battery with intent to kill [Indictment No. 97-GS-38-0757]. (R.pp. 366-367). Petitioner was represented by Michael Meetze, Esquire, and after a trial by jury from October 8, 1997 to October 9, 1997, was found guilty as charged. (R.p. 261). The trial judge then sentenced the Petitioner to twenty (20) years imprisonment. (R.p. 270).

Petitioner's counsel filed a timely appeal, and Petitioner was represented on appeal by Assistant Appellate Defender Aileen P. Clare. Petitioner raised the following issues on appeal:

1. The trial judge improperly refused appellant's proffer of exculpatory evidence.

2. The combined effect of evidence improperly admitted against appellant rendered his trial unfair.

(R.p. 375).

On November 23, 1998, the South Carolina Court of Appeals affirmed Petitioner's conviction. See State v. Quentin Anderson, 98-UP-510 (S.C. Nov. 23, 1998) (R.pp. 372-373). The Remittitur was issued on December 10, 1998. Petitioner did not seek certiorari to the South Carolina Supreme Court. Petitioner then filed a pro se Application for Post Conviction Relief ("APCR") in state circuit court on May 27, 1999. Anderson v. State of South Carolina, No. 1999-CP-38-517. (R.pp. 275-284). Petitioner raised the following issues in his APCR:

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c)and (e), D.S.C. The Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



1. Ineffective Assistance of Trial Counsel.

2. Ineffective Assistance of Appellate Counsel.

3. Prosecutorial misconduct.

4. Conspiracy to violate and violation of due process and equal protection.

(R.pp. 276-281).

Petitioner was represented in his APCR by John S. Bryant, Esquire, and an evidentiary hearing was held on April 11, 2000. (R.pp. 288-343). The PCR judge thereafter issued an order dated September 11, 2000, finding that Petitioner was entitled to a belated review of direct appeal issues based on ineffective assistance of appellate counsel, but denying all other claims. (R.pp. 344-347).

The State filed a timely appeal raising the following issue:

Did the PCR court incorrectly find that the Respondent received ineffective assistance of appellate counsel?

See Petition, p. 3.

No appeal was taken by the Petitioner.

Petitioner continued to be represented by John S. Bryant, who made a return to the State's petition on February 6, 2002. On April 3, 2002, the Supreme Court of South Carolina granted the Petition for Writ of Certiorari, and directed further briefing on the issue. After additional briefing by both parties, the South Carolina Supreme Court in an order dated May 27, 2003, reversing the PCR court's order entitling Petitioner to a review of direct appeal issues. Anderson v. State, Memorandum Opinion No. 25656 (S.C.Sup.Ct. filed May 27, 2003). The Remittitur was issued on June 12, 2003.

Petitioner then filed a second pro se APCR on April 18, 2004. Anderson v. State of

3



South Carolina, No. 2004-CP-38-236. (R.pp. 324-328).[3] Petitioner was represented by Charles T. Brooks, Esquire, who filed an "amended brief points" dated June 25, 2007. (R.pp. 333-336). Following a hearing on June 26, 2007, the PCR judge in an order dated September 7, 2007, denying the petition for failure to state a claim, because the petition was successive, and because the petition was time barred. (R.pp. 337-351).

The Petitioner filed a timely appeal.[4] Petitioner was represented by Elizabeth A. Franklin-Best, Appellate Defender with the South Carolina Commission on Indigent Defense, who raised the following issues:

> Did the PCR judge err when she found that [Petitioner's] case (1) failed to state a claim cognizable under the Post-Conviction Procedure Act, (2) constituted a "successive application," and (3) failed to comply with the statute of limitations? If [Petitioner] is granted his Petition for Writ of Certiorari, he will raise the issue of his trial attorney's failure to request a pre-trial identification hearing prior to a witness's in-court identification.

See Petition, p. 2.

The South Carolina Supreme Court in a letter order dated January 21, 2010, denied the petition for writ of certiorari. Anderson v. State, (S.C.Sup.Ct. filed January 21, 2010). The Remittitur was issued on February 8, 2010.

In his Petition for writ of habeas corpus filed in United States District Court, Petitioner

---

[3]The APCR is dated November 25, 2003, but it apparently was not filed until April 18, 2004. Cf. (R.pp. 328-329, 339, 346). Petitioner also attached to his federal petition a copy of a PCR application dated June 19, 2007. It is not clear if this document was filed in his second PCR action.

[4]Petitioner attached to his federal petition an unfiled motion to reconsider dated September 25, 2007, which was apparently later filed by his PCR counsel on October 4, 2007. See Attachments to Petition. However, these actions were taken after counsel had already filed Petitioner's direct appeal (notice of direct appeal dated September 14, 2007). See Attachments to Petition.



raises the following grounds:

**Ground One:** Ineffective Assistance of Counsel

**Ground Two:** Violation of Confrontation

**Ground Three:** Ineffective Assistance of Counsel

See Petition, pp. 6–9.

## **Discussion**

Respondent has moved for summary judgment pursuant to Rule 12(b) and Rule 56(b), Fed.R.Civ.P., submitting that the entire petition is without merit. Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P; see Habeas Corpus Rules 5-7, 11. Further, while the Federal Court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

**I.**

Respondent contends in his motion, inter alia, that the entire Petition is subject to dismissal because Petitioner failed to file his application for a writ of habeas corpus in federal court within one (1) year following the exhaustion of his state court remedies. This limitations period is

5



part of the AEDPA,[5] and runs from the latest of -

>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

This Petition falls under § 2244(d)(1)(A).

Petitioner's convictions became final on December 10, 1998, the date the South Carolina Court of Appeals issued the Remittitur.[6] By the time Petitioner filed his first APCR on May 27, 1999, one hundred and sixty-seven (167) days had passed from when his conviction became final. The period of limitations was thereafter tolled during the pendency of Petitioner's APCR, until the issuance of the Remittitur on June 12, 2003.[7] See eg Ott v. Johnson, 192 F.3d 510 (5th Cir.

---

[5] Antiterrorism and Effective Death Penalty Act of 1996.

[6] The Petitioner is not entitled to toll the ninety (90) days to seek certiorari review from the United States Supreme Court since he did not seek review from the South Carolina Supreme Court. See Reddock v. Ozmit, No. 09-204, 2010 WL 568870 at **3-5 (D.S.C. Feb. 11, 2010).

[7] The period is tolled until the date that the Remittitur is issued. See SCACR 221(b); see also Christy v. Christy, 452 S.E.2d 1, 4 (S.C.Ct.App. 1994)[sending of the remittitur ends appellate jurisdiction].

6



1999)[tolling does not include 90 days for United States Supreme Court certiorari petition from final denial by state's highest court of collateral action], cert. denied, 529 U.S. 1099 (2000); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000)[running clock from when state appellate court denied leave to appeal denial of state post-conviction petition]; Mays v. Hickman, No. 98-56769, 2000 WL 538131 at **1 (9th Cir. 2000); Drafts v. Maynard, No. 02-120, 2002 WL 32710121 (D.S.C. Aug. 6, 2001), appeal dismissed, 2002 WL 31430540 (4th Cir. Oct. 31, 2002). Petitioner then had until December 27, 2003 (365 days - 167 days = 198 days) to timely file his federal habeas petition. The Petitioner failed to do so.

By the time Petitioner filed his second APCR on April 18, 2004, three hundred and ten (310) days[8] of additional non-tolled time had accrued since the final disposition in his first APCR, well outside his one year limitations period. Accordingly, Petitioner's time to file his federal habeas petition expired prior to his filing of his second PCR. In any event, this second PCR petition was dismissed on the grounds that it was without merit, successive and untimely. Because this APCR was found to be untimely, it did not toll the running of the limitations period because it is not deemed to have been a "properly filed" petition. Cf. Pace v. DiGuglielmo, 544 U.S. 408, 413-416 (2005)[A state postconviction petition rejected by the state court as untimely is not "properly filed" within the meaning of § 2244(d)(2)]; see also McMillian v. Carochi, 198 Fed.Appx. 766, 768 (10th Cir. 2006)["Successive state motions for postconviction relief toll 28 U.S.C. 2244(d)(2)'s one-year limitation period [only] as long as they were otherwise 'properly filed.'"].

Petitioner argues that his petition is timely because "it is clearly inside the scope of the legislative intent of S.C. Code Ann § 17-27-45(a)" for his second APCR to be considered timely

---

[8]The Court notes that 2004 was a leap year and the month of February had 29 days.



under state law because it was filed within one (1) year of the dismissal of his first PCR. See Memorandum in Opposition to Summary Judgment, pp. 1-4. However, the Court does not need to reach Petitioner's argument (which the Court does not find persuasive), because Petitioner's *federal* petition is still untimely. As previously noted, Petitioner's time to file his federal habeas petition expired *prior* to the filing of his second APCR. See discussion, supra. The filing by Petitioner of a second APCR did not restart the federal statute of limitations. Cf. Artuz v. Bennett, 531 U.S. 4 (2000) [while state collateral review tolls the one-year statute of limitations under § 2244(d)(A), it does not establish a right to file within one year after completion of collateral review]; Harris, 209 F.3d at 327-328.[9]

Finally, it is arguable that Petitioner is asserting some type of equitable tolling based on his misunderstanding about when his time to file started to run. The United States Supreme Court has recently held that the federal one year statute of limitations can be subject to equitable tolling in

---

[9]In his brief, Respondent addresses an earlier filed federal habeas petition which was dismissed because Petitioner had not exhausted his state court remedies. Anderson v. Moore, Civil Action No. 98-3125. That petition was filed while Petitioner's direct appeal was still pending, and Respondent contends that the premature habeas petition would not have tolled the statute of limitations. See Memorandum in Support of Summary Judgment, p. 9, note 2. The Petitioner does not make any arguments concerning this issue, but even assuming arguendo that Petitioner could argue that his previous federal habeas tolled the statute of limitations during its pendency, this petition is still not timely. Petitioner's first federal habeas petition was filed while Petitioner's direct appeal was pending and was dismissed after Petitioner's first APCR had been filed. Under that scenario, Petitioner's time would start to run from the date the Remittitur was issued in his first PCR on June 12, 2003. See discussion, supra. Therefore, Petitioner would have had until June 11, 2004 to timely file his federal habeas petition, which he did not do. Even taking Petitioner's argument further and assuming that the period again was tolled during the pendency of his second APCR (an argument previously addressed and found to be without merit), three hundred and nine (309) days expired prior to Petitioner filing his second APCR, and an additional seventy (70) days passed after the Remittitur was issued by the South Carolina Supreme Court prior to his filing of this action on April 20, 2010. See discussion, supra. Therefore, even under the most liberal interpretations of the tolling provisions, Petitioner allowed three hundred and eighty (380) days of non-tolled time to pass prior to filing this federal action.

8



appropriate cases. Holland v. Florida, 130 S.Ct. 2549, 2552-2554, 2560-2562 (2010); see also Rouse v. Lee, 314 F.3d 698, 704 (4th Cir. 2003)(citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). Circumstances will rarely warrant equitable tolling, however, and a Petitioner carries the burden of showing that he is entitled to equitable tolling. Harris, 209 F.3d at 330; see also Marengo v. Conway, 342 F.Supp.2d 222, 230 (S.D.N.Y. 2004); Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002). Further, equitable tolling applies only in the rare and exceptional circumstance, and is limited to "extraordinary circumstances" preventing a prisoner from filing a timely petition. Warren v. Garvin, 219 F.3d 111, 113 (2d Cir. 2000); Marengo, 342 F.Supp.2d at 230. "[T]he party seeking equitable tolling must [also] have acted with reasonable diligence throughout the period he seeks to toll." Marengo, 342 F.Supp.2d at 230 (quoting Warren, 219 F.3d at 113); see also Holland, 130 S.Ct. at 2562 ["'Petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing."](quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

Petitioner has not shown that any extraordinary circumstances prevented him from filing his petition. Petitioner is not entitled to equitable relief based on his misunderstanding of when the time started to run under the statute. Cf. Harris, 209 F.3d at 330-331 (citing Barrow v. New Orleans S.S. Ass'n, 932 F.2d 473, 478 (5th Cir. 1991)([refusing to apply equitable tolling where the delay in filing was the result of Plaintiff's unfamiliarity with the legal process or his lack of representation]). Therefore, Petitioner has not met his burden of showing that "extraordinary circumstances" prevented him from timely filing his federal Petition, or that he could not have filed a timely petition. Harris, 209 F.3d at 330 [Petitioner has burden of showing entitlement to equitable tolling]; see also Smith v. McGinnis, 208 F.3d 13, 17-18 (2nd Cir. 2000)[AEDPA's statute of



9

limitations may be equitably tolled only in rare and exceptional circumstances and only "if party seeking equitable tolling [has] acted with reasonable diligence throughout the period he seeks to toll."].

Accordingly, Petitioner is not entitled to any equitable relief, and he is therefore barred from seeking federal habeas relief. See Pearson v. North Carolina, 130 F.Supp.2d 742, 744-745 (W.D.N.C. 2001); Calderon v. U.S. District Court of the Central District of California, 127 F.3d 782, 785-787 (9th Cir. 1997), cert. denied, 118 S.Ct. 1395 (1998), overruled on other grounds in later appeal, 163 F.3d 530 (9th Cir. 1998), cert. denied, 119 S.Ct. 1377 (1999).

## **Conclusion**

Based on the foregoing, it is recommended that the Respondent's motion for summary judgment be **granted**, and that the Petition be **dismissed**, with prejudice.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

September 7, 2010

Charleston, South Carolina



10

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

