IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Quentin Anderson, #244495, ) | |
| ) | C/A No. 9:10-0987-MBS |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **OPINION AND ORDER** |
| Warden of Evans Correctional ) | |
| Institution, ) | |
| ) | |
| Respondent. ) | |
| ) | |

  Quentin Anderson ("Petitioner") is a prisoner in the custody of the South Carolina Department of Corrections currently serving a twenty-year sentence for assault and battery with intent to kill. On April 20, 2010, Petitioner filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (the "Habeas Petition"). ECF No. 1. This matter is before the Court on Respondent's Motion for Summary Judgment, filed on July 13, 2010. ECF No. 16. For the reasons set forth below, the Court grants Respondent's motion for summary judgment and dismisses the Habeas Petition with prejudice.

**I. BACKGROUND**

  In October 1997, Petitioner was convicted of assault and battery with intent to kill following a jury trial. The Honorable Luke N. Brown sentenced Petitioner to twenty years. ECF No. 15-16 at 110. Petitioner timely appealed to the South Carolina Court of Appeals. By unpublished opinion, filed on November 23, 1998, the Court of Appeals affirmed Petitioner's sentence and conviction. S.C. Ct. App. Unpublished Op. No. 98-UP-510, ECF No. 15-16 at 111. Remittitur was issued on December 10, 1998. ECF No. 15-2.

1

Petitioner filed his first application for post-conviction relief (the "First PCR") on May 27, 1999. See PCR I, ECF No. 15-16 at 14. On September 11, 2000, the Honorable Diane S. Goodstein issued an order in which she denied Petitioner's application for post-conviction relief based on ineffective assistance of trial counsel, but granted the application on the basis of ineffective assistance of appellate counsel. See First Goodstein Order, ECF No. 15-16 at 83–86. The State of South Carolina appealed and, by opinion filed May 27, 2003, the South Carolina Supreme Court reversed. Anderson v. State, S.C. Sup. Ct. Slip Op. No. 25656, ECF No. 15-8. Remittitur was issued on June 12, 2003. ECF No. 15-9.

Petitioner filed his second PCR on April 18, 2004 (the "Second PCR"). Judge Goodstein dismissed the Second PCR with prejudice by order filed on September 7, 2007. See Second Goodstein Order, ECF No. 15-20 at 89–94. Petitioner timely appealed, but the South Carolina Supreme Court denied his petition for writ of certiorari by letter dated January 21, 2010. ECF No. 15-12. The Remittitur was issued on February 8, 2010. ECF No. 15-13.

Petitioner filed the instant Habeas Petition on April 20, 2010. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bristow Marchant for pretrial handling. On July 13, 2010, Respondent filed a motion for summary judgment. ECF No. 16. As required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Magistrate Judge issued an order on July 15, 2010, advising Petitioner of the summary judgment motion and dismissal procedures and the possible consequences if he failed to respond adequately. Roseboro Order, ECF No. 17. Petitioner filed a response in opposition to Respondent's motion for summary judgment on August 13, 2010. ECF No. 19.

On September 7, 2010, the Magistrate Judge issued a Report and Recommendation (the

"R&R") recommending that the Court grant Respondent's motion for summary judgment and dismiss the Habeas Petition with prejudice, on the grounds that the Habeas Petition is time-barred. R&R 10, ECF No. 21. Petitioner filed an objection to the R&R on September 24, 2010. Pet'r's Objection, ECF No. 23.

## II.     LEGAL STANDARD

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight—the ultimate responsibility for making a final determination remains entirely with this Court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of any portions of the R&R to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The district court need not conduct a de novo review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47–48 (4th Cir. 1982).

Because the Habeas Petition was filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Petitioner's claims are subject to 28 U.S.C. § 2244(d), as amended. The AEDPA imposes a one-year limitation period on habeas applications by persons "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitations period runs

> . . . from the latest of—
>
>> (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). In rare circumstances, the one-year limitations period may be equitably tolled, but "only if [the petitioner] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, -- U.S. --, 130 S.Ct. 2549, 2562 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

**III. DISCUSSION**

  The Magistrate Judge recommends granting Respondent's motion for summary judgment and dismissing the Habeas Petition with prejudice on the grounds that it is time-barred. Petitioner's conviction became "final" on **December 10, 1998**, the day that the South Carolina Supreme Court issued the Remittitur disposing of Petitioner's direct appeal. Petitioner filed the First PCR on **May 27, 1999**, 167 days later. While the First PCR was pending, the limitations period was tolled. The limitations period began to run again on **June 12, 2003**, when the South Carolina Supreme Court issued its Remittitur. Because 167 days of the period had already run, Petitioner thereafter had 198

4

days, or until **December 27, 2003**, to file his Habeas Petition. Petitioner's Second PCR was not filed until well after, in April 2004, and the Habeas Petition was not filed until April 20, 2010.

Petitioner's objections provide no basis for finding that the Habeas Petition was timely filed. Therefore, having thoroughly examined the record and, being in agreement with the Magistrate Judge's analysis, the Court hereby adopts the R&R and incorporates it by reference. Respondent's summary judgment motion is **granted** and the Habeas Petition is **dismissed with prejudice**.

## IV.     CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases, as effective December 1, 2009, provides that the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Rose v. Lee, 252 F.3d 676, 683–84 (4th Cir. 2001). The Court concludes that Petitioner has not made the requisite showing. Accordingly, the Court **declines to issue** a certificate of appealability.

//

//

//

//

//

//

## V.  CONCLUSION

As discussed above, the Court finds that Petitioner's Habeas Petition was untimely. Respondent's motion for summary judgment, ECF No. 16, is hereby **granted.** Petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2254 is hereby **dismissed with prejudice**. The Court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference.

IT IS ORDERED.

/s/ Margaret B. Seymour
United States District Judge

February 2, 2011
Columbia, South Carolina